SUBJECT: U.S.C. Section 2255 Motion
DATE: 08/17/2020 08:52:30 AM

IN THE UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF FLORIDA



0:20-cv-61740-WPD

CASE NO. 0:19-CR-60006-WPD

SHAYEH DOV,
Plaintiff,

VS.

UNITED STATES OF AMERICA,
Defendant,

****************************************************************************************

MOTION FOR RELIEF PURSUANT TO 28 U.S.C. SECTION 2255

****************************************************************************************

SHAYEH DOV
Reg. No. 39733-053
Pro-Se Litigant
Otisville Satellite Camp
P.O. Box 1000
Otisville, N.Y. 10963

SUBJECT: U.S.C. Section 2255 Motion
DATE: 08/17/2020 02:55:39 PM

IN THE UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF FLORIDA

SHAYEH DOV,
PLAINTIFF,

          CASE NO. 0:19-CR-60006-WPD

VS

UNITED STATES OF AMERICA,
DEFENDANT,

MOTION FOR RELIEF PURSUANT TO UNITED STATES CODE SECTION 2255

COMES NOW, the plaintiff, Shayeh Dov preceding Pro-se, and respectfully submits the instant 28 U.S.C. 2255 to Vacate, Set Aside, and Correct Sentence, for judicial review by this Honorable Court.

THE COURT'S JURISDICTION

This Court has jurisdiction pursuant to United States Code Section 2255 to Vacate, Set Aside, and Correct Sentence.

SUMMARY OF MOTION

Pursuant to the Court ORDER AND ADJUDGED that the motion DE-59 be denied, dated on August 6, 2020 in reference to the 87 month prison sentence and petitioner conviction becoming final, we will assume this Courts familiar with the above referenced Case No. 19-60006-CR- DIMITROULEAS.

STATEMENT OF FACTS

Pursuant to the Guilty Pleas on February 7, 2019 on a wire fraud charge, petitioner now files United States Code Motion Section 2255 based on a Conflict of Interest. Sam J. Rabin also represented plaintiff victims in a criminal case where plaintiff was represented by Menachem Mayberg. Adam Segan was paid $75,000 dollars therefore creating a conflict of interest. Plaintiff request the following facts be entered into the District Court record for judicial review.
On or about 2016, I Shayeh Dov paid Adam Segan $75,000 dollars, this payment was made through my lawyer at the time who was Menachem Mayberg. Mr. Adam Segan and I both signed an agreement that he would not file charges with the Federal Court. Mr. Mayberg made the agreement after Mr. Segan meet at the Hollywood Police Department located in Hollywood Florida. Mr. Segan was also represented by Sam Rabin in criminal Case # 1:10-TP-20140-DLG. Sam did not do a client check to avoid any possible conflict of interest, and went to my sentencing right after 10 days in Portugal on Vacation.
Sam Rabin did not even ask the Court for the low end of the guidelines range, which was 70 to 87 months, he did not make any statement about my poor health, heart surgery, one kidney, my blood pressure or my high cholesterol.
He fail to mention my PSR report, that states I am an alcoholic and gambler. The PSR states Sam Rabin just sat there and did nothing at all.

I only meet with Mr. Sam Rabin once, he fail to meet with me again until the morning of 8/6/19. Sam Rabin told me not to have an ORDER TO SHOW CAUSE hearing, when in fact, I should have had the hearing. This Court can check with AUSA Katz, it was supposed to be on the morning of 8/6/19. Sam Rabin simply fail to measure up to the competent standards of an attorney, guaranteed by the constitution resulting in a conflict of interest. To further confirm his incompetents he charged my family $50.000 dollars for a two hour court appearance. To confirm the above statement that my attorney labored from a conflict of interest. I request a hearing in order to have Mr. Mayberg verify that he paid Mr. Adam Segan, and Mr. Adam Segan verify that Mr. Sam Rabin was told on 8/7/19, that he found out he had a huge conflict of interest. To further confirm there was a conflict of interest, he told my wife that there is nothing you can do about it, an the above fact will be submitted to this court at a hearing and verified by text to my wife on 8/7/19 to 8/15/19, through Exhibit A.

## CONSTITUTIONAL CLAIM

In a criminal trial, the interests of a defendant and a cooperating government witness are almost always adverse. U.S. Const. Amend. VI confers a right to conflict-free counsel and bars representations that involve an actual conflict of interest. Such a conflict of interest prohibits a representation, despite waiver by all parties, where counsel has divided loyalties due to concurrent or prior representation of another client who is a co-defendant, a co-conspirator, or a government witness. Even concurrent representations of adverse clients in unrelated matters have been barred.

.To demonstrate ineffective assistance of counsel based on a conflict of interest, a 28 U.S.C. S. 2255 petitioner must show that counsel had an actual conflict of interest and that the conflict adversely affected counsel's performance. Only when a defendant show that his counsel actively represented conflicting interest does he establish an actual conflict under the Sixth Amendment. That fact-specific inquiry requires the defendant to make a factual showing of inconsistent interests or point to specific instances in the record to suggest an actual impairment of his interests. A mere speculative, hypothetical, or possible conflict of interest is insufficient to establish an ineffective-assistance claim. To prove adverse effect, the petitioner must show. (1) the existence of a plausible alternative defense strategy or tactic that might have been pursued; (2) that the alternative strategy or tactics was reasonable under the facts; (3) a link between the actual conflict and the decision to forgo the alternative strategy of defense. In the guilty-plea context, the appellate courts looks to whether the attorney's actual conflict adversely affected the defendant's decision to plead guilty.

## AN ACTUAL CONFLICT AS OPPOSED TO NO CONFLICT AT ALL

.Counsel Sam Rabin had and actual conflict of interest, and it adversely affected counsel's performance in the following manner. Sam Rabin sided with Adam Sagan in his failure to ask for the low end of the guideline, his failure to request RDAP, which was recommended in the PSR, his failure to mention any health conditions and his failure to meet with me before sentencing. Sam Rabin also fail to perform a client check on Adam Sagan to determine if there was in fact a conflict of interest. Had Sam Rabin requested a ORDER TO SHOW CAUSE hearing all of the above facts would have been revealed at the hearing, therefore allowing me to hire a conflict free lawyer with out any ties or loyalties to Adam Sagan, which would of resulted in me not cancelling the ORDER TO SHOW CAUSE hearing, as recommended by Sam Rabin, the hearing itself would have resulted in a three point reduction for acceptance of responsibility. The three point reduction for "Acceptance of Responsibility" alone would have resulted in and additional 24 months off of the guideline. The Order to Show Cause hearing would have revealed the fact that, Sam Rabin had represented Adam Sagan in another criminal case, and as a result I would have relieved Mr. Sam Rabin of his duties due to that Conflict of Interest, and hired a competent lawyer.

## THE ORDER TO SHOW CAUSE HEARING

The Order to Show Cause Hearing was a critical and necessary part of petitioners proceedings, to proceed in a fully-adversarial manner to determine all of the above findings of facts and conclusions of law, to deny this petitioner the Show Cause Hearing was clearly prejudicial, it denied the petitioner the opportunity to have the District Court to consider varying downward, and it also denied this petitioner a 3 point reduction for acceptance of responsibility which would have resulted in a significant amount of time off of the guidelines.

----------------------------------------------------------------------------------------

Sam Rabin was aware of the Conflict of Interest, because he had represented Adam Segan in Case #1:10-TP-20140-DLG, therefore his loyalties were divided and can account for the following failures, because no competent lawyer practicing law in 2019 would have fail in the following regard.

1. Sam Rabin failure to perform a client check on Adam Segan created a Conflict of Interest.
2. Sam Rabin failure to ask for the low end of the guidelines, and RDAP which was recommended in the PSR.
3. Sam Rabin failure to mention any of petitioners many health conditions.
4. Sam Rabin failure to meet before sentencing and,
5. Sam Rabin failure to request a Order to Show Cause, which prejudiced petitioner
6. Sam Rabin loyalties were divided, and he sided with Adam Segan who was a victim of petitioner in this case.
7. Confirmation of Sam Rabin divided loyalties can be provided to this Court in the form of a text to petitioner wife by Sam Rabin, attorney for Shayeh Dov.

Generally, to demonstrate that a counsel's performance was so defective that it was constitutionally deficient and requires reversal, a defendant must allege facts showing that (1) his counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Six Amendment; and (2) the deficient performance prejudice the defense. The right to effective assistance of counsel includes the right to counsel who is unimpaired by conflicting loyalties. The above facts support those claims, the above plausible alternative defense strategy or tactics that might have been pursued. A plausible alternative strategy is reasonable under the facts, but that does not mean the defendant must prove that strategy would necessarily have been successful. He only need to demonstrate that the alternative strategy possessed sufficient substance to be a viable alternative. Kennedy v. United States 2020 U.S. App. Lexis 1472 (Jan. 16. 2020).

.Sam Rabin failure to pursue petitioner original plea offer of 51-63 months was prejudicial, because the acceptance-of-responsibility reduction alone would have resulted in a 24 month reduction in petitioner sentence.

The above plausible defense strategy or tactic might have been pursued but was not, because of the conflict of interest. Perillo v. Johnson, 79 f. 3d 441 (1996).

If a defense attorney owes duties to a party who interests are adverse to those of the defendant, then an actual conflict exist. The interest of the other client and the defendant is sufficiently adverse, if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to the other client. Kahey, 436 So. 2d at 484-85, quoting "Zuck v Alabama, 588 F. 2d 436, 439 (5th Cir. 1979). In this case Exhibit A will confirm petitioner claim against attorney Sam Rabin.

An actual conflict exists when counsel, unknown to the accused and without his or her knowledgeable assent, is in a duplicitous position where his full talents as a vigorous advocate having a single aim of defending by all means fair and honorable are hobbled or fretted or restrained by commitments to other, Perillo v. Johnson 205 F. 3d 775 (5th Cir. 2000).

.It should be noted by this Court that Judge Zlock, prior to retiring Order the ORDER TO SHOW CAUSE hearing, which could have resulted in the 3 points reduction for Acceptance of Responsibility, for a maximum sentence of 63 months.

.Petitioner respectfully request this case be Vacated, Set Aside, and Sentence Corrected.

Respectfully Submitted

_____

Shayeh Dov 39733-053
Petitioner Pro-Se

------------------------------------------------------------------------

SUBJECT: Certificate of Service
DATE: 08/16/2020 01:57:14 PM

CERTIFICATE OF SERVICE

I, Shayeh Dov, have personally served a true and correct copy of United States Code Section 2255 Motion to Vacate, Set Aside, and Correct Sentence, given to Federal Officials to be deposited in the out going Legal Mail Box in accordance with the ruling in Huston v. Lack to the following parties. The Motion cover a Conflict of Interest between Attorney Sam Rabin, Shayeh Dov, and Adam Segan where Sam Rabin attorney for petitioner also represented Adam Segan in Case # 1:10-TP-20140-DLG.

Honorable Judge William P. Dimitrouleas
United States District Court
Southern District of Florida
500 East Broward Blvd.
Ft. Lauderdale, Fl 33394


Office of the United States Attorney
AUSA, Randall D. Katz
United States District Court
Southern District of Florida
500 East Broward Blvd. Suite 700
Ft. Lauderdale, Fl 33394


United States District Court
Southern District of Florida
Office of the Clerk - Room 108
299 Broward Blvd
Fort Pierce, Fl 34950-4209


Sign on this __17__ day of __August__ the year 2020


Respectfully Submitted

_[signature]_

Shayeh Dov, #39733-053 Petitioner Pro-Se

EXHIBIT "A"

10:51

Sam Rabin

your h Aug 6, 2019 a former client of mine. In any event, even if I was aware of a connection, I do not believe there is any conflict of any sort whatsoever because Adam Segan was involved in a transaction with your husband where he was paid back according to what you told me.

Are u still my friend





**EXHIBIT "A"**

Sam Rabin

### Aug 6, 2019

### Are u still my friend

I wish you were more circumspect in the comments you make. I did the best I could do for your husband. I was in frequent contact with Andrea during my vacation. I wish the rest was better but your husband hurt a lot of people financially and today was their

**EXHIBIT A.**

10:54

< Sam Rabin 📹 📞

Aug 6, 2019

husband. I was in frequent contact with Andrea during my vacation. I wish the rest was better but your husband hurt a lot of people financially and today was their opportunity to vent and they did so effectively. As I told you, Shayeh is fortunate the judge did not depart upwards after those victims testified today.

+ 🏷️ 📷 🎤

**EXHIBIT A.**

10:51

 Sam Rabin

Aug 6, 2019

I want any communication between us to be in writing moving forward. Until your phone call 2 minutes ago I knew of no connection between your husband and a former client of mine. In any event, even if I was aware of a connection, I do not believe there is any conflict of any sort whatsoever because Adam Segan was

# EXHIBIT A.



10:52

Sam Rabin

is mad at me

Aug 6, 2019

Let me repeat - you need to be more careful about the things you say. You commented after the sentencing by essentially saying you could have stuck with Martin and go the same result and then you call me and suggest that I had a conflict on an issue where no conflict exists.

**EXHIBIT "A."**

10:51

< Sam Rabin 📹 📞

**Aug 6, 2019**

I want any communication between us to be in writing moving forward. Until your phone call 2 minutes ago I knew of no connection between your husband and a former client of mine. In any event, even if I was aware of a connection, I do not believe there is any conflict of any sort whatsoever because Adam Segan was









◇39733-053◇
Shayeh Dov
39733053 PO BOX 1000
FCI Otisville CAMP
Otisville, NY 10963
United States

◇39733-053◇
United States Court House
Southern District    Rm 108
299 E Broward BLVD
FORT Lauderdale, FL 33301
United States